IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA FRAZIER, et al., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 17-5421 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendant. | : | |

ORDER

**AND NOW**, this _____ day of _____, 2018, upon consideration of Defendants City of Philadelphia, Anthony Boyle, and Raymond Evers' Motion to Dismiss, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.  The Guardian Civic League of Philadelphia is dismissed as a party to this action.  Plaintiffs' 42 U.S.C. § 1983 claims against the City of Philadelphia are dismissed.  Plaintiffs' Title VII, PHRA, and PFPO claims are dismissed.

BY THE COURT:

_____
WENDY BEETLESTONE, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRA FRAZIER, et al.,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 17-5421 |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendant. | : | |

### DEFENDANTS CITY OF PHILADELPHIA, ANTHONY BOYLE, AND RAYMOND EVERS'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia, Anthony Boyle, and Raymond Evers file this Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. Pro. 12(b)(6), seeking that certain claims against them be dismissed. Defendants respectfully requests that this Court dismiss these claims brought against Defendants on the grounds more fully described in the supporting memorandum of law.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date:  January 30, 2018                    BY:   s/ Christopher H. Rider
                                                 Christopher H. Rider
                                                 Divisional Deputy City Solicitor

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBRA FRAZIER, et al.,** : | |
| Plaintiff, : | |
| v. : | Civil Action No. 17-5421 |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendant. : | |

**DEFENDANTS CITY OF PHILADELPHIA, ANTHONY BOYLE, AND RAYMOND EVERS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants City of Philadelphia, Anthony Boyle, and Raymond Evers submit this Memorandum of Law in Support of their Motion for to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6).  First, the Guardian Civic should be dismissed as a party because the Guardian Civic League does not have organizational or representational standing to join the lawsuit.  Second, Plaintiffs' 42 U.S.C. § 1983 claims brought against the City of Philadelphia should be dismissed because Plaintiffs have not specifically identified a custom or policy of the City of Philadelphia that was the moving force behind any constitutional injury.  Third, Plaintiffs' Title VII claims brought against Anthony Boyle and Raymond Evers should be dismissed because individual defendants cannot be held liable under Title VII.  Fourth, Plaintiffs' Title VII, Pennsylvania Human Relations Act (PHRA), and Philadelphia Fair Practices Ordinance (PFPO) claims should be

dismissed because Plaintiffs have failed to administratively exhaust those claims. Finally, Plaintiffs' retaliation claims should be dismissed because Plaintiffs have failed to plead specific facts supporting their conclusory assertion that they engaged in protected activity.

I. **FACTUAL SUMMARY**[1]

The present lawsuit has five plaintiffs: four individual African American plaintiffs, of varying ranks, assigned to the Narcotics Bureau of the City of Philadelphia Police Department, and one fraternal organization charged with advancing the interests of African American City of Philadelphia police officers. Compl. ¶¶ 2-6 (attached as Ex. A).

The individual plaintiffs have alleged that the individual defendants, Anthony Boyle and Raymond Evers, were Plaintiffs' supervisors. Id. ¶ 12. Plaintiffs have alleged that Boyle and Evers directed them to "flip" arrestees by falsifying property receipts to avoid arresting or charging those arrestees as long as the arrestees provided the department with information. Id. ¶¶ 24-33. Plaintiffs have alleged, without further elaboration, that they opposed these practices, and that, in return, Boyle and Evers discriminated and retaliated against them in varying ways. Id. ¶ 34

Plaintiff Frazier has alleged that the individual defendants discriminated and retaliated against her by: (1) threatening to change the locks on her office; (2) harassing Plaintiff Bryant; (3) nitpicking Frazier's weekly reports; (4) requiring

---

[1] For the purposes of this Motion to Dismiss, Defendant accepts the facts as pled by Plaintiff as true.

3

Frazier discipline Bryant without cause; (5) excluding Frazier from "proper participation in the leadership of the Narcotics Unit"; and (6) accusing Frazier of not working when in fact she was working. Id. ¶ 35(a).

Plaintiff Vann has alleged that individual defendants: (1) ordered her to undergo "bike training," which Narcotics Unit captains have not previously been ordered to undergo, and which training caused Vann to injure herself; and (2) told Vann that they intended to transfer her to "keep her quiet and punish her for her opposition to the [allegedly] illegal practices." Id. ¶ 35(b).

Plaintiff Burton has alleged that the individual defendants: (1) accused him of misusing his assigned vehicle, and then reassigned that vehicle to a more junior officer; (2) subjected him to unspecified false discipline and accusations; (3) secretly recorded him in his office; (4) delayed his transfer requests by including a disparaging and allegedly false memorandum in his transfer file; and (5) falsely accused him of submitting incorrect paperwork. Id. ¶ 35(c)

Plaintiff Bryant has alleged that the individual defendants: (1) ignored her overtime requests; (2) denied her opportunities for overtime; (3) falsely accused her of disciplinary violations; and (4) have directed her to stop inquiring about receiving more overtime. Id. ¶ 35(d).

Additionally, Plaintiffs have alleged that the individual defendants: (1) allowed a corporal with a confederate flag on his vehicle to park his vehicle at their workplace; (2) referred to persons in minority communities by offensive names; (3) assigned African American officers to more dangerous locations and less favorable

4

assignment, while assigning white officers to safer, and more favorable locations and shifts; (4) subjected African American supervising officers to unspecified "terms and conditions of employment different than those of similarly situated white supervising officers." Id. ¶¶ 36-37.

Plaintiffs have alleged that, based on these facts, Defendants have violated their rights to equal protection under the Fourteenth Amendment, Compl. ¶¶ 40-53, and have violated Title VII, the PHRA, and the PFPO by intentionally discriminating against Plaintiffs based on their race, creating a hostile work environment, and retaliating against them, Compl. ¶¶ 54-72.

## II.    STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

I. ARGUMENT

    A. THE GUARDIAN CIVIC LEAGUE SHOULD BE DISMISSED AS A PARTY BECAUSE THEY DO NOT HAVE EITHER ORGANIZATIONAL OR REPRESENTATIONAL STANDING.

Plaintiff Guardian Civic League of Philadelphia has not alleged facts sufficient to assert standing on behalf of the organization itself, and it lacks representational standing to sue on behalf of its members because its members are already individual plaintiffs in this matter.  Accordingly, the League does not have standing to join the present lawsuit and this Court should dismiss the League as a party.

"An organization or association may have standing to bring a claim where (1) the organization itself has suffered injury to the rights and/or immunities it enjoys; or (2) where it is asserting claims on behalf of its members and those individual members have standing to bring those claims themselves." Blunt v. Lower Merion School Dist., 767 F.3d 247, 279 (3d Cir. 2014).  Organizations claiming representational standing on behalf of its members must meet three requirements: "(1) the organization's members must have standing to sue on their own; (2) the interests the organization seeks to protect are germane to its purpose, and (3)

neither the claim asserted nor the relief requested requires individual participation by its members." Id. at 280 (citing Hunt v. Wash. State Apple Adver. Com'n, 432 U.S. 333, 343 (1977)).

The third prong of the Hunt test is "prudential, not constitutional." Id. at 289. In Blunt, the Court of Appeals for the Third Circuit held that an organization, the Concerned Black Parents of Mainline Inc., lacked representational standing where the organization's members were already plaintiffs in the lawsuit. Id. 289-90. The Third Circuit explained that permitting an organization to litigate a case under those circumstances "does not fulfill the Supreme Court's guidance to focus on 'administrative convenience and efficiency' in determining prudential standing." Id. at 290.

The Guardian Civic League has not identified any injury to the rights and immunities it possesses, so it must base its participation in this lawsuit on representational standing. Like Blunt, an organization (the Guardian Civic League) and that organization's members (Plaintiffs Frazier, Vann, Burton, and Bryant) are parties in the present lawsuit. Compl. ¶¶ 2-6. Therefore, because, as in Blunt, the remedies sought in this lawsuit will benefit the individual plaintiffs already in the lawsuit, the Guardian Civic League lacks the prudential standing required by the third prong of the Hunt test, and this Court should dismiss the League as a party.

B.  PLAINTIFFS' 42 U.S.C. § 1983 CLAIM AGAINST THE CITY OF PHILADELPHIA FAILS BECAUSE PLAINTIFFS HAVE NOT IDENTIFIED A POLICY OR CUSTOM THAT VIOLATES PLAINTIFFS' CONSTITUTIONAL RIGHTS.

Plaintiffs fail to identify a specific custom or policy of the City of Philadelphia that was the moving force behind any alleged constitutional violations. Thus, Plaintiffs fail to state plausible claims against the City for violations of Section 1983, and those claims should be dismissed.

Municipalities are generally immune from liability under 42 U.S.C. § 1983 except where the municipality's policy or custom was the moving force behind the constitutional violation. Watson v. Abington Twp., 478 F.3d 144, 155 (3d Cir. 2007). A policy exists "when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" Id. (citing Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990)). Custom requires that a plaintiff demonstrate that "a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Watson, 478 F.3d at 155. In either case, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Id.

Further, the plaintiff bears the burden of providing evidence that the identified "policy or custom was the proximate cause of the injuries suffered." Watson, 478 F.3d at 155. "If…the policy or custom does not facially violate federal law, causation can be established only by demonstrat[ing] that the municipal action

8

was taken with 'deliberate indifference' as to its known or obvious consequences.  A showing of simple or even heightened negligence will not suffice." Berg v. Cnty. of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000).

Under Fed. R. Civ. P. 8(a)(2), a plaintiff must identify the specific custom or policy at issue.  McTernan v. City of York, PA, 564 F.3d 636, 658 (3d Cir. 2009). "Mere assertion of an entitlement to relief, without some factual 'showing,' is insufficient[.]" Id.  Moreover, where the custom or policy is not facially unconstitutional and, thus, requires proof of deliberate indifference on the part of the decisionmaker, a plaintiff must plead facts supporting an inference that such deliberate indifference exists.  Id. at 658-59.

Plaintiffs fail to identify any City of Philadelphia custom or policy that was the moving force behind any alleged constitutional violations.  Nor do the Plaintiffs plead any facts supporting a finding of deliberate indifference on the part of a decisionmaker.  Rather, their complaint is replete with allegations specific to Defendants Boyle and Evers, not the City of Philadelphia or its decisionmakers.  Compl. ¶¶ 35-37.  Plaintiffs have, therefore, failed to meet the pleading standards for municipal liability claims under Fed. R. Civ. P. 8, and this Court should dismiss those claims.

9

### C. PLAINTIFFS' TITLE VII, PHRA, AND PFPO CLAIMS FAIL BECAUSE THEY HAVE FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES.

Plaintiffs have not pled that they exhausted their administrative remedies with respect to their Title VII, PHRA, and PFPO claims. Because Plaintiffs must exhaust their administrative remedies with respect to these claims before requesting judicial relief, this Court should dismiss these claims.

To bring a suit under Title VII, the PHRA, or the PFPO, a plaintiff must first file a charge with the EEOC and the Pennsylvania Human Rights Commission. Barzanty v. Verizon PA, Inc., 361 Fed. Appx. 411, 413 (3d Cir. 2010); Vandegrift v. City of Phila., 228 F.Supp. 3d 464, 481 (E.D.Pa. 2017) (holding that PFPO claims are administratively exhausted when a plaintiff files a complaint predicated on the same facts with another administrative body). Any ensuing lawsuit is limited to the claims that are within the scope of that initial administrative charge. Id. at 413-14 (citing Antol v. Perry, 82 F.3d 1291, 196 (3d Cir. 1996)).

Plaintiffs have failed to comply with the requirement that they exhaust their administrative remedies for their Title VII, PHRA, and PFPO claims prior to filing a lawsuit. Accordingly, this Court should dismiss those claims.

### D. PLAINTIFFS' TITLE VII CLAIMS AGAINST DEFENDANTS BOYLE AND EVERS FAIL BECAUSE INDIVIDUALS CANNOT BE LIABLE UNDER TITLE VII.

It appears that Plaintiffs have brought Title VII claims against Defendants Boyle and Evers. Compl. ¶¶ 54-62. To the extent this is the case, individuals may

not be held liable under Title VII, Sheridan v. E.I. DuPont de Nemours and Co., 100F.3d 1061, 1077 (3d Cir. 1996), and those claims should be dismissed.

### E. PLAINTIFFS' RETALIATION CLAIMS FAIL BECAUSE PLAINTIFFS HAVE NOT IDENTIFIED ANY PROTECTED ACTIVITY.

Plaintiffs have pled Title VII, PHRA, and PFPO retaliation claims. Compl. ¶¶ 54-72. These claims fail because Plaintiffs have not pled, beyond conclusory assertions, that they engaged in protected activity. Therefore, this Court should dismiss Plaintiffs' retaliation claims.

To state a prima facie case of retaliation under Title VII, a plaintiff must establish: "(1) she engaged in protected activity; (2) the employer engaged in conduct constituting an adverse action either contemporaneous with or after the protected activity; and (3) a causal connection between the protected activity and the adverse action." Jones v. SEPTA, 796 F.3d 323, 329 (3d Cir. 2015). "Protected activity for a retaliation claim includes 'not only an employee's filing of formal charges of discrimination against an employer but also informal protests of discriminatory employment practices, including making complaints to management.'" Sannoh v. Horizon House, Inc., No. 16-5233, 2017 WL 4167439, at *3 (E.D.Pa. Sept. 20, 2017) (citing Daniels v. School Dist. of Phila., 776 F.3d 181, 193 (3d Cir. 2015)).

Plaintiffs offer only the boilerplate statement that, "[a]t all time relevant hereto, each of the Plaintiffs have refused to engage in the illegal flipping practices and have taken actions to oppose the said practices[,]" as support for their assertion

11

that they engaged in conduct protected by Title VII, the PHRA, and the PFPO. Compl. ¶ 34.

First, this statement is nothing more than the type of conclusory assertion the Supreme Court has deemed insufficient to comply with the notice pleading standards set forth in the Federal Rules of Civil Procedure. Ashcroft v. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Plaintiffs have not identified what actions they took, when they took them, or the causal connection between those actions and the allegedly retaliatory conduct.

Second, Plaintiffs have failed to even plead that what they opposed, if they indeed opposed anything, was discriminatory. Rather, Plaintiffs state that they opposed what they viewed as illegal practices, such as "flipping" and falsifying property receipts. Compl. ¶¶ 23-33. Plaintiffs have not explained how these practices are discriminatory in nature. Therefore, even if Plaintiffs pled specific facts related to the actions they took opposing these allegedly illegal actions, they are not entitled to protection under Title VII, the PHRA, or the PFPO because those actions are not discriminatory in nature. Accordingly, this Court should dismiss Plaintiffs' retaliation claims.

## VI. CONCLUSION

Defendants City of Philadelphia, Anthony Boyle, and Raymond Evers respectfully requests that this Honorable Court grant this Motion and dismiss the Guardian Civic League of Philadelphia as a party to this action, dismiss Plaintiffs'

42 U.S.C. § 1983 claims against the City of Philadelphia, and dismiss Plaintiffs' Title VII, PHRA, and PFPO claims.

                                                               Respectfully Submitted,

                                                               CITY OF PHILADELPHIA
                                                               LAW DEPARTMENT

Date:  January 30, 2018                BY:   s/ Christopher H. Rider
                                                                             Christopher H. Rider
                                                                                 Divisional Deputy City Solicitor
                                                                                 Pa. Attorney ID No. 307265
                                                                                 City of Philadelphia Law Dept.
                                                                                 1515 Arch St., 16th Fl.
                                                                                 Philadelphia, PA 19102
                                                                                 (215) 683-5082
                                                                                 christopher.rider@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA FRAZIER, et al., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 17-5421 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, the foregoing Motion to Dismiss and Memorandum of Law has been filed electronically and is available for viewing and downloading.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: January 30, 2018           BY:   s/ Christopher H. Rider
                                    Christopher H. Rider
                                    Divisional Deputy City Solicitor