# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STAFF INSPECTOR DEBRA FRAZIER, et al : | |
| : | |
| v. : | No.: 2:17-cv-05421-WB |
| : | |
| CITY OF PHILADELPHIA, et al. : | |

## PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT, CITY OF PHILADELPHIA

Plaintiffs, Staff Inspector Debra Frazier, Captain Laverne Vann, Lieutenant Anthony Burton, and Police Officer Shamal Bryant, by and through their undersigned counsel, hereby requests, pursuant to the Federal Rules of Civil Procedure, that Defendant, City of Philadelphia doing business as the Philadelphia Police Department provide them with clear, accurate copies of the following documents. Response is to be served upon counsel within thirty days.

### INSTRUCTIONS AND DEFINITIONS

(a) All requests for production are to be regarded as concerning past and present incidents, activities, and practices.

(b) The singular form should be taken to include the plural, and vice versa.

(c) Wherever "you," "defendant," "police," "Police Department," "City," or similar term is used, it should be taken to include all employees, officers, co-workers and agents of any defendant. "Agent" is used in a broad sense to include anyone acting on behalf or in the interest of, whether directly or indirectly, openly or covertly, or with or without compensation.

(d) These interrogatories are deemed to be continuing, and defendant has the duty to supplement its responses. *See* Fed. R. Civ. P. 26(e).

(e) If any form of privilege or other protection from disclosure is claimed as a ground for withholding a document or responsive information contained in a document, set forth with

respect to the document, the date, title, identity of the author, subject matter (without revealing the information for which the privilege is claimed) and each and every fact or basis on which you claim your privilege with sufficient specificity to permit the Court to make a determination as to whether the claim of privilege is valid.

(f) The term "document" shall refer to all writings and material of any kind, including, but not limited to, orders, instructions, reports, directives, summaries, interviews, complaints, statements (whether signed or unsigned), transcripts, regulations, memoranda, notes, correspondence (including electronic mail correspondence), computerized data or records, diagrams, maps and drafts. "Document" also refers to records including, but not limited to, photographs, microfilm, videotape, audiotape, motion pictures and any other originals and copies.

(g) The terms "police officer" or "officer" shall refer to officers, employees, or supervisors of the Defendant Police Department, of whatever rank or assignment.

(h) The term "Police Department" or "Department" shall refer to officers, employees, or supervisors of the Philadelphia Police Department, of whatever rank or assignment.

(i) The response of the Borough of Souderton should be made by a person with the appropriate knowledge and position and should state who is responding and why that person was selected.

(j) The term "flipping" shall refer to the practice of gathering information by flipping arrestees, which includes procedures to make "make drugs go away" by falsification of property receipts that are used in court prosecutions to identify narcotics and chain of custody of evidence. The practice of flipping requires an officer to obscure the source of recovered narcotics if an

arrestee is willing to provide information by falsifying the property receipt required pursuant to the arrest, which circumvents the approved Confidential Informant Directive that is currently in place in the Philadelphia Police Department.

## REQUESTS FOR PRODUCTION

1. Provide all property receipts regarding narcotics completed by the Narcotics Bureau of the Philadelphia Police Department that have been created and/or filed since March 1, 2017 through present, including, without limitation, all such property receipts that classify the source / location of the narcotics as other-than in the physical possession of an individual and/or that classifies the narcotics as an "investigative object."

2. For each identified property receipt responsive to Request No. 1 above, provide the associated criminal complaint, PARS, and any other reports or documents in possession, custody or control of the Philadelphia Police Department, including all narcotics allegedly noted.

3. Identity of each person allegedly involved in any "flipping" activities or informal confidential informant or catch and release activities, along with all documents associated with same, for same time period.

4. All documents, including, without limitation, any reports, recommendations, transcripts of interview, internal memorandums, email communications, letters, regarding the Internal Affairs Division investigations concerning the allegations in Plaintiffs' Operative Complaint.

An official of the Defendant with knowledge of the matter contained in the responses to these Requests, must sign, date, and submit to counsel a Verification with the production

responses. Signature of counsel is not acceptable.

**WEISBERG LAW**

*/s/ Matthew B. Weisberg*
MATTHEW B. WEISBERG, ESQ.
L. ANTHONY DIJIACOMO, III, ESQ.

**SCHAFKOPF LAW, LLC**

*/s/ Gary Schafkopf*
GARY SCHAFKOPF, ESQ.
DEANNA WATSON, ESQ.

**MILDENBERG LAW FIRM**

*/s/ Brian R. Mildenberg*
BRIAN R. MILDENBERG, ESQ.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STAFF INSPECTOR DEBRA FRAZIER**, et al | : |
| v. | : No.: 2:17-cv-05421-WB |
| **CITY OF PHILADELPHIA**, et al. | : |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 19th day of July, 2018, a true and correct copy of the foregoing Plaintiff's discovery requests was served via regular mail and email upon the following party:

Christopher H. Rider, Esq.
City of Philadelphia Law Department
1515 Arch St., 16th Floor
Philadelphia, PA 19102
Christopher.Rider@phila.gov

**WEISBERG LAW**

*/s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esq.
L. Anthony DiJiacomo, III, Esq.
*Attorneys for Plaintiff*