IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA FRAZIER, et al., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 17-5421 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this _____ day of _____, 2018, upon consideration of Defendants City of Philadelphia, Anthony Boyle, and Raymond Evers' response to Plaintiffs' Motion to Compel discovery responses, it is hereby **ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____
WENDY BEETLESTONE, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA FRAZIER, et al., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 17-5421 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendant. | : | |

# DEFENDANTS CITY OF PHILADELPHIA, ANTHONY BOYLE, AND RAYMOND EVERS'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

Defendants City of Philadelphia, Anthony Boyle, and Raymond Evers file this response to Plaintiffs' Motion to Compel discovery responses. Defendants respectfully request that this Court deny Plaintiffs' motion on the grounds more fully described in the supporting memorandum of law.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: December 17, 2018            BY:   s/ Christopher H. Rider
                                        Christopher H. Rider
                                        Divisional Deputy City Solicitor

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA FRAZIER, et al., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 17-5421 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendant. | : | |

# DEFENDANTS CITY OF PHILADELPHIA, ANTHONY BOYLE, AND RAYMOND EVERS' MEMORANDUM OF LAW IN SUPPORT OF THEIR RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES

Defendants City of Philadelphia, Anthony Boyle, and Raymond Evers submit this Memorandum of Law in support of their amended response to Plaintiffs' motion to require that Defendants produce thousands of pages of documents related to arrests made by the City of Philadelphia Police Department's Narcotics Bureau from March 1, 2017 through December 1, 2017. Defendants respectfully request that this Court deny Plaintiffs' motion because the documents do not make any element of Plaintiffs' claims—First Amendment retaliation and Pa. Whistleblower retaliation—more or less probable. Instead, Plaintiffs want to use the requested documents to prove that they were justified in opposing the policy in question. This is not a relevant use, as the merit of an underlying complaint in a retaliation claim is immaterial as long as the complaint is made in good faith. Moreover, even if Plaintiffs were able to articulate a relevant use for the requested documents, the

City has demonstrated that the significant burden of producing the documents would outweigh their speculative evidentiary value. Therefore, this Court should deny Plaintiffs' motion.

I. <u>**RELEVANT FACTUAL SUMMARY**</u>

1. Plaintiffs' Second Amended Complaint contains two claims: (1) First Amendment retaliation; and (2) Pa. Whistleblower Law retaliation. 2nd Am. Compl. ¶¶ 49-71.

2. Both claims are based on the following allegations:

   a. During a March 2017 meeting, Defendants Anthony Boyle and Raymond Evers proposed Narcotics Bureau officers obtain relevant actionable intelligence by "flipping" arrestees. Id. ¶ 22.

   b. Plaintiffs interpreted this directive to mean that officers were going to be expected to create false property receipts for narcotics recovered from a flipped arrestee that recorded those narcotics as being "recovered on the highway" or "investigative objects." Id. ¶ 23, 28.

   c. Plaintiffs complained about this proposed operational change immediately following the meeting, and Defendants retaliated. Id. ¶¶ 34-44.

3. Defendants Boyle and Evers both testified at deposition that they intended this type of "flipping" to be done only with the express permission of a superior officer, an assertion buttressed by the draft Standard Operating Procedure for flipping created by Defendant Evers, which required a captain's

approval for flipping.

4. Plaintiffs now request Defendants produce all property receipts and associated preliminary arraignment reports (PARS) and criminal complaints produced by the Narcotics Bureau between March 1, 2017, and December 1, 2017. Pls.' Supp. Mot. to Compel (Doc. No. 49).

5. The documents requested by Plaintiff almost entirely post-date any protected activity.

6. Defendants have timely objected to Plaintiffs' discovery requests on the grounds that the requests covered a voluminous amount of material, and did not make any fact at issue in this case more or less probable. Id.

7. Defendants have produced documentation of the four examples of "flipping" known to Defendants that were undertaken pursuant to Defendants' proposed policy—the same Policy that Plaintiffs protested.

8. To the extent that Plaintiffs are now seeking to obtain evidence of instances of flipping, they are instances of the type of unauthorized flipping that Defendants' draft policy was intended to prevent.

9. Since April 1, 2017, through August 31, 2018, the Narcotics Bureau has arrested 7,659 individuals and generated 15,249 property receipts for those arrests.

    a. Due to the compressed response timeline to Plaintiffs' motion, Defendants were unable to obtain an accurate count of all arrests between March 1, 2017, and December 1, 2017. However, as an

estimate based on the accurate numbers provided for the larger time frame, the Narcotics Bureau arrested approximately 450 individuals, and prepared almost 900 property receipts per month over that period. See Narcotics Bureau Arrest Statistics (attached as Ex. A).[1]

10. Plaintiffs have requested the property receipts, criminal complaints and preliminary arraignment reports (PARS) for each arrest. Because Plaintiffs have requested nine months of documents, Defendants estimate that there are approximately 8,000 pages of arrest-related documents (assuming that the criminal complaint and PARS are one page each, which is almost undoubtedly not the case,) and a further 8,000 pages of property receipts.

## II. ARGUMENT

Plaintiffs now request an estimated 8,000 property receipts, and 8,000 pages of arrest-related documents. This Court should deny Plaintiffs' request because the information requested is not relevant to their retaliation claims, since, to prove those claims, they need only to prove they had a good faith basis for their complaints, and that the retaliation was causally connected to the complaint—the underlying merit of Plaintiffs' complaints is immaterial to either factor. Moreover, the burden of producing the requested documents outweighs any speculative evidentiary value.

---

[1] Defendants are unaware of case law requiring responses to motions to compel to be supported with affidavits. The attached documentation was prepared by Narcotics Bureau staff, and, should Plaintiffs question the veracity of the documentation, the City will provide a corporate designee to testify on how the statistics were generated.

Parties may move for a court order compelling production in response to discovery requests. Fed. R. Civ. P. 37(a). "The moving party bears the initial burden to prove that the requested discovery falls within the scope of discovery as defined by Rule 26(b)(1)." Wright v. City of Philadelphia, No. 16-5020, 2017 WL 1541516, at *1 (E.D.Pa. April 28, 2017) (citing Williams v. CVS Caremark Corp., No. 15-5773, 2016 WL 4409190, at *4 (E.D. Pa. Aug. 18, 2016)). "If the moving party meets this initial burden, the burden then shifts to the opposing party to demonstrate that the requested discovery (i) does not fall within the scope of discovery contemplated by Rule 26(b)(1), or (ii) is not sufficiently relevant to justify the burden of producing the information." Id.

Under Fed. R. Civ. P. 26(b)(1):

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Proportionality determinations are to be made on a case-by-case basis using the above listed factors, and 'no single factor is designed to outweigh the other factors in determining whether the discovery sought is proportional.'" Capetillo v. Primecare Medical, Inc., No. 14-2715, 2016 WL 3551625, at *2 (E.D.Pa June 28, 2016) (citing Bell v. Reading Hosp., Civ. No. 13-5927, 2016 WL 162991, at *2 (E.D. Pa. Jan. 14, 2016)).

6

"To establish a First Amendment retaliation claim pursuant to section 1983, Appellant must establish three elements: '(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action.'" Hammond v. City of Wilkes Barre, 628 Fed. Appx. 806, 807 (3d Cir. 2015) (citing Thomas v. Indep. Twp., 463 F.3d 285, 296 (3d Cir. 2006).

"Under the Pennsylvania Whistleblower Law, '[n]o employer may discharge, threaten or otherwise discriminate or retaliate against an employee…because the employee…makes a good faith report…to the employer…of wrongdoing or waste.'" Callaghan v. Haverford Tp., 345 Fed. Appx. 767, 771 (3d Cir 2009) (citing 43 Pa. Stat. Ann. § 1423(a)).

Plaintiffs appear to have requested the documentation at issue "to evidence to the Court (and jury) precisely the widespread problem that Plaintiffs were refusing to engage (which is why Defendants retaliated)." Pls.' Mot. to Compel at 5 (Doc. No. 45). Under the controlling caselaw, however, the success or failure of Plaintiffs' claims turns on the causal connection between Plaintiffs' protected conduct and the alleged retaliation, not the underlying merit of Plaintiffs' complaints. Nor were Plaintiffs complaining about unauthorized flipping—Plaintiffs' complaint makes it plain that their protestations were occasioned by Defendants' assertions that they intended to introduce a policy on flipping. In fact, the policy Plaintiffs protested was intended to eliminate the type of unauthorized

7

flipping of which Plaintiffs are now seeking evidence. In short, Plaintiffs have not articulated how the requested documentation makes any fact at issue in the case, such as the existence of a causal connection between their protected activity and any retaliation, more or less probable.

Even if Plaintiffs had shown that the requested documents were probative on a fact at issue in this case, the burden of producing the documents would outweigh any potential evidentiary value. Plaintiffs are requesting at minimum, 8,000 property receipts, and a further 8,000 pages of arrest-related documents. First, to produce the documents in question, Defendants would have to identify the relevant control numbers, enter them into the database, and retrieve the relevant documents. They cannot, to counsel's knowledge, "batch-print" all relevant documents. Locating and printing responsive documents would, therefore, impose significant burdens on City personnel.

Even if Defendants were able to easily batch-print those documents from a database, Defendants would still be obligated to review and redact personally-identifying information prior to producing any such documents. The review, redacting, and production of more than 16,000 pages of documents would, again, create a significant burden on the part of the City, particularly in light of the limited time left in this case.

Plaintiffs have offered cited several cases for the proposition that Defendants may not hide behind the burden of producing evidence to avoid their discovery obligations. This is true where the evidence sought is relevant or probative. As

discussed above, despite Plaintiffs' conclusory assertions to the contrary, Plaintiffs have failed to explain how the requested documents would make any fact at issue more or less likely to be true.

Therefore, because Plaintiffs have failed to articulate a relevant, probative purpose for the requested documents, and the City has demonstrated that the burden of producing such documents vastly outweighs any speculative probative value, this Court should deny Plaintiffs' motion to compel.

## VI. CONCLUSION

Defendants City of Philadelphia, Anthony Boyle, and Raymond Evers respectfully request that this Honorable Court deny Plaintiffs' Motion to Compel.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: December 17, 2018　　　　BY:　s/ Christopher H. Rider
　　　　　　　　　　　　　　　　　Christopher H. Rider
　　　　　　　　　　　　　　　　　Divisional Deputy City Solicitor
　　　　　　　　　　　　　　　　　Pa. Attorney ID No. 307265
　　　　　　　　　　　　　　　　　City of Philadelphia Law Dept.
　　　　　　　　　　　　　　　　　1515 Arch St., 16th Fl.
　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　(215) 683-5082
　　　　　　　　　　　　　　　　　christopher.rider@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA FRAZIER, et al., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 17-5421 |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
| : | |
| Defendant. : | |

# CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Response to Plaintiffs' Motion to Compel and Memorandum of Law has been filed electronically and is available for viewing and downloading.

                                        Respectfully Submitted,

                                        CITY OF PHILADELPHIA
                                        LAW DEPARTMENT

Date: December 17, 2018             BY:   s/ Christopher H. Rider
                                                                         Christopher H. Rider
                                                                         Divisional Deputy City Solicitor